UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

EDWIN ANDERSON, et al.,

    Plaintiffs,

v.                                                           Case No. 1:16-CV-874

DANIEL WYANT, et al.,                        HON. GORDON J. QUIST

    Defendants.
_____/

## MEMORANDUM ORDER TRANSFERRING CASE
## TO THE EASTERN DISTRICT OF MICHIGAN

Pursuant to the Court's November 2, 2017, Order (ECF No. 180), the parties have filed separate responses consolidated as a joint document setting forth their respective positions as to: (1) whether the Court should continue the stay currently in effect or transfer the case to the Eastern District of Michigan; and (2) the issues that remain to be decided in the pending motions to dismiss if the Court lifts the stay but does not transfer it to the Eastern District of Michigan. Plaintiffs argue that the Court should transfer the case because most, if not all, of the same substantive and procedural issues in this case have or will be raised in the Flint water cases pending in the Eastern District of Michigan. Defendants generally argue that the Court should continue the stay in light of the pending petition for writ of certiorari to the United States Supreme Court in *Boler v. Early*, 865 F.3d 391 (6th Cir. 2017).[1] Defendants generally further argue that if the Court does not continue the stay, it should decide the pending motions to dismiss and not transfer the case.

A court may transfer venue "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. §

---

[1]The MDEQ Defendants also note that their petition for rehearing or rehearing *en banc* in *Mays v. City of Flint, et al.*, No. 16-2484 is pending before the Sixth Circuit. The Court notes, however, that the Sixth Circuit denied the petition on November 15, 2017, and issued the mandate on November 27, 2017. (Doc. Nos. 79, 80.)

1404(a).² "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 2244 (1988) (internal quotation marks omitted). "A transfer of venue pursuant to § 1404(a) may be made by motion of either party or by the court sua sponte, so long as the parties are first given the opportunity to present their views on the issue." *Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1242 (S. D. Cal. 2013) (citing *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986)); *see also Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (noting the "long-approved practice of permitting a court to transfer a case *sua sponte*" after receiving the parties' views on the issue (internal quotation marks omitted)).

In deciding whether to transfer a case pursuant to § 1404(a), "a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness. . . ." *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). Some of the relevant factors include:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Perceptron, Inc. v. Silicon Video, Inc.*, 423 F. Supp. 2d 722, 729 (E.D. Mich. 2006) (quoting *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)).

In the instant case, many of the private interest factors favor a transfer. Although neither Plaintiffs nor Defendants have provided the Court any specific evidence or argument regarding

---

²Three requirements must be satisfied before a court may transfer a case under § 1404(a): "(1) the action could have been brought in the transferee court; (2) a transfer serves the interest of justice; and (3) transfer is in the convenience of the witnesses and parties." *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994).

inconvenience to parties or witnesses, the information the Court has shows that the Eastern District of Michigan would be more convenient for the parties and witnesses. First, as to the parties, all Plaintiffs reside in Flint, which is within the Eastern District of Michigan. The Court has no information regarding Defendants' residences, but it notes that Defendants are already engaged in defending numerous class and individual Flint water cases in the Eastern District; thus, litigating this case in the Eastern District would be no more inconvenient than litigating it in this district. Second, as for the witnesses, the Court discerns no material difference in convenience between the two districts. Finally, all of the operative facts occurred in the Eastern District of Michigan.[3]

The balance of pertinent public interest factors also favors a transfer to the Eastern District of Michigan. Such factors include "the pendency of related litigation in another district, judicial economy, the transferee judge's familiarity with the facts and circumstances of the case, and the need to promote the fair and consistent resolution of related cases." *Pac. Life Ins. Co. v. U.S. Bank Nat'l Ass'n*, No. 1:15-cv-416, 2016 WL 223683, at *3 (S.D. Ohio Jan. 19, 2016) (internal quotation marks omitted). Judicial economy, alone, can be enough to justify a transfer. *See Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 342 F. Supp. 2d 124, 132 (E.D.N.Y. 2004) ("[C]ourts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative."). As the Supreme Court has observed, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co. v. The Barge FBL-585*, 364

---

[3] While "the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)," *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004), it is worth noting that a transfer would nonetheless be consistent with the policy and purposes of the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. This is so because litigating all Flint water cases before in one district before a single judge would reduce attorney fees and costs and allow for the streamlined processing of cases.

U.S. 19, 26, 80 S. Ct. 1470, 1474 (1960); *see also Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 721 (E.D. Va. 2005) ("In most cases, the litigation of related claims in the same tribunal facilitates efficient, economical and expeditious pre-trial proceedings and discovery, and prevents duplicative litigation and inconsistent results." (internal quotation marks omitted)); *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 54 (S.D.N.Y.) (observing in the context of the related first-to-file rule that the rule "protects parties from the considerable expense and inconsistent judgments that duplicate litigation entails").

Here, there is really no question that this case and many of the Flint water cases pending in the Eastern District are related and involve the same and/or overlapping issues. Although the Court acknowledges that there is not an exact identity of parties, Defendants are named in many of the Eastern District cases based on the same alleged acts or omissions in the instant case. For example, most Defendants in the instant case are named in the amended complaint in Case No. 5:15-14002, and the same claims are alleged in Counts I–V of the amended complaints in both cases. It make no sense for the undersigned and Judge Levy to decide the same issues pertaining to these claims. Similarly, the MDEQ Defendants have filed the same motion to change venue in the instant case and in many of the Eastern District cases, (*see, e.g.*, Case No. 5:15-cv-14002, Doc # 172; Case No. 5:16-cv-12412, Doc # 45; Case No. 5:16-cv-10444, Doc # 57), presenting the potential for inconsistent rulings on the same motion.[4] Accordingly, the applicable public interest factors, including judicial economy, compel the conclusion that a transfer is warranted.

As for Defendants's argument that transfer would be unfair because Plaintiffs request that the case be consolidated with the class actions pending in the Eastern District, there is no reason for

---

[4]The State Defendants (Dillon and Clinton) argue that the Court should not transfer the case because the res judicata and statute of limitations arguments they have raised in their motions to dismiss in the instant case have not been raised in any motion to dismiss they have filed in the Eastern District. Even so, there are numerous other overlapping issues that justify a transfer, and the undersigned is no more suited than Judge Levy to decide these issues.

concern. Judge Levy has also been assigned several individual cases like this one, and it is unlikely that the instant case would be consolidated with the class actions. In any event, the benefits of transfer still remain.

Therefore, for the foregoing reasons, this case is transferred to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED**.

Dated: November 30, 2017 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE